UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
CABLE FIRST CONSTRUCTION INC. et al., : **ORDER GRANTING**
: **LEPETIUK ENGINGEERING**
*Plaintiffs*, : **CORP.'S MOTION TO**
: **DISMISS AND DENYING**
-against- : **CABLE FIRST**
: **CONSTRUCTION INC.'S**
: **MOTION TO DISMISS**
LEPETIUK ENGINEERING CORP. et al., :
: 20 Civ. 5894 (AKH)
*Defendants*. : 20 Civ. 6679 (AKH)
:
------------------------------------------------------------------ x

ALVIN K. HELLERSTEIN, U.S.D.J.:

      I write to resolve two motions to dismiss filed in two related cases: *Cable First Construction Inc. and John Quaranta v. Lepetiuk Engineering Corp. and Dmytro Lepetiuk*, 20-cv-6679 (the "Removed Action"), and *Lepetiuk Engineering Corp. v. Cable First Construction Inc. and Quaranta*, 20-cv-5894 (the "Federal Action").

      In the Removed Action, Cable First Construction Inc. ("Cable First") and John Quaranta ("Quaranta") alleged six causes of action: fraud (Count I); breach of contract (Count II); specific performance (Count III); unjust enrichment (Count IV); declaratory judgment (Count V); and injunction (Count IV), against Lepetiuk Engineering Corp. ("LEC") and Dmytro Lepetiuk ("Lepetiuk"). LEC and Lepetiuk removed the action to this Court based upon diversity jurisdiction on August 20, 2020, and now seek to dismiss Counts I and III-VI for failure to state a claim. *See* Removed Compl., ECF No. 3-1; Mot. Dismiss, ECF No. 5. LEC filed the Federal Action on July 29, 2020, based on the same contract dispute and prior to removing the Removed Action. LEC alleges six counts against Cable First and Quaranta: breach of contract (Count I); quantum meruit (Count II); account stated (Count III); damage to property against Quaranta

1

(Count IV); breach of the implied covenant of good faith and fair dealing against Cable First and Quaranta (Count V); and slander against Quaranta (Count VI).  *See* Federal Complaint, ECF No. 1.  Cable First and Quaranta seek to dismiss the Federal Action for lack of subject matter jurisdiction. *See* Fed. Mot. Dismiss, ECF No. 9.

The disputes arise from an alleged breach of an October 2019 contract for services between Cable First and LEC, its subcontractor, and related non-disclosure and non-compete covenants.  Fed Compl. ¶ 1.  Under the services contract, LEC agreed to provide aerial cable construction services to Cable First for a project in New York.  *Id.* 7.  Cable First alleges that LEC breached the contracts by leaving fiber optic cables unattended, overbilling for their services, and using paid materials for work on other projects.  *See* Removed Compl., ECF No. 3-1.  It further alleges that LEC and Lepetiuk, "negligently caused damage to fiber optic cables and improperly installed the damaged cables," creating more expense and requiring additional materials and labor to correct.  *Id.* ¶ 9.  As a result of these actions, Cable First terminated the service contract with LEC. *Id.* ¶ 19.  Despite the termination, LEC allegedly continued to trespass on their property and used Cable First's materials for a competitor's project.  *Id.* ¶ 20.  They also allege that Lepetiuk filed a false police report claiming that Quaranta damaged LEC's property.  *Id.* ¶ 22.

LEC alleges that Cable First has not paid for any of the services that LEC provided after January 19, 2020.  Fed. Compl. ¶ 16.  LEC also alleges that Quaranta and Cable First "attempted to unilaterally change the terms of the Contract, refused to pay LEC, lied to LEC employees and then solicited LEC's employees to work for Cable First."  *Id.* ¶ 49.  It also alleges that Quaranta damaged LEC's property by cutting cables and told LEC's employees that LEC's principal,

Lepetiuk, was a "liar". *Id.* ¶ 53. LEC alleges that this has led to loss of income and reputational harm.

*The Removed Action*

LEC and Lepetiuk, pursuant to F.R.Civ. P. 12(b)(6), seek to dismiss Count I for fraud, Count III for specific performance, Count IV for unjust enrichment, Count V for a declaratory judgment, and Count VI for injunctive relief, for failure to state a claim upon which relief can be granted. They also seek to dismiss all causes of action brought by Quaranta and all causes of action asserted against Lepetiuk, also pursuant to F. R. Civ. P. 12(b)(6).

It should first be noted that removal in this case was procedurally improper under 28 U.S.C. 1441(b), as Defendant Dmytro Lepetiuk is a resident of the State of New York, and therefore, the forum defendant rule applies. However, because the forum defendant rule is a "procedural defect" rather than a jurisdictional one and has not been raised by Cable First or Quaranta, the procedural defect has been waived. *Handelsman v. Bedford Village Assocs. Ltd. Partnership*, 213 F.3d 48, 50 n. 2 (2d Cir. 2000) (describing a violation of the forum defendant rule as a waivable "procedural defect").

In order to survive a motion to dismiss, a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). In determining a motion to dismiss for failure to state a claim, the Court is limited to the four corners of the complaint, any documents attached to

the Complaint or "integral" to the complaint and documents for which judicial notice may be taken.  *Goel v. Bunge, Ltd.,* 820 F.3d 554, 559 (2d Cir. 2016).

I first find that Quaranta was not a party to the contracts, nor is he a third-party beneficiary, and therefore he is not entitled to sue for injuries under those contracts.  *See Fifty States Mgmt. Corp. v. Niagara Permanent Savings & Loan Assoc.*, 58 A.D.2d 177, 179, 396, N.Y.S.2d 925, 927 (4th Dept. 1977) ("Under New York law, an individual shareholder has no right to bring an action in his own name . . .for a wrong committed against the corporation."). Cable First has asserted its rights against LEC and Lepetiuk, and Quaranta's ownership of Cable First does not provide him with the right to sue, regardless of whether the injuries directly affect his ownership interests.  *See Premium Mortg. Corp. v. Equifax Inc*., 583 F.3d 103, 108 (2d Cir. 2009), *Hillside Metro. Assoc., LLC v. JPMorgan Chase Bank, N.A.*, 747 F.3d 44, 48-49 (2d Cir. 2014).  Thus, Quaranta's claims against LEC and Lepetiuk are all hereby dismissed.

I also find that Cable First has not alleged any facts as to Defendant Lepetiuk that would support a claim against him.  Lepetiuk is not alleged to be a party to the contracts; only that he is "an owner and shareholder" of LEC and that he filed a police report concerning Plaintiff Quaranta.  Removed Compl. 4, 22.  However, Plaintiff has not filed a cause of action relating to the allegedly false police report.  As such, all claims against Lepetiuk are dismissed.

Turning to the substantive claims, accepting all factual allegations as true and making all inferences in favor of Cable First, I find that Cable First has not alleged sufficient factual allegations to support its claims for fraud, specific performance, unjust enrichment, declaratory judgment, or an injunction.  As to the fraud claim, Cable First may not "dress up a contract claim in a fraud suit of clothes." *Triangle Underwriters, Inc. v. Honeywell, Inc*. 604 F.2d 737, 747 (2nd Cir. 1979).  The claim of fraud revolves around statements from LEC about whether they

would uphold their contractual duties.  Removed Compl. ¶ 14.  Further, Cable First has not met the *Iqbal/Twombly* pleading standard, let alone the Rule 9(b) heightened pleading standards. Fed. R. Civ. P. 9(b) (a party must "state with particularity the circumstances constituting fraud or mistake."); *see Jones v. National Communications and Surveillance Networks*, 409 F. Supp.2d 456, 465 (S.D.N.Y. 2006).  The complaint provides no factual allegations of any false statements made by LEC prior to entering into the contract, and certainly nothing that would remotely suggest that Cable First was induced into contracting with LEC.  The only "false" statement alleged in the complaint is that Lepetiuk filed a false police report.  Removed Compl. ¶ 22.  That conclusory statement alone, even if taken as true, would not support a claim for fraud, as the police report was made after the termination of the contract.  Cable First's claim for fraud is therefore dismissed.

      Cable First has also failed to plead sufficient factual allegations to support a claim for specific performance.  Cable First alleges that LEC breached the service contract and violated their non-compete agreement, but the complaint does not state which of the three contracts they are seeking to enforce.  Nor does it provide any factual information as to whether Cable First has fulfilled its obligations, or why monetary damages are inadequate, other than to state that they had "made preparations in anticipation of owning and operating the business."  Removed Compl. ¶ 34; *see See Petrello v. White*, 412 F. Supp. 2d 215 (E.D.N.Y. 2006) (the party requesting specific performance "must show . . .that the party is ready willing and able to perform the contract and has fulfilled all of its duties to date. . .that it is within the opposing party's power to perform and. . . that there is no adequate remedy at law").  These allegations are insufficient to find that a plausible claim for specific performance exists.

I also find that Cable First's claim for a declaratory judgment is duplicative of its breach of contract claim. "'[C]ourts have found declaratory judgment to be inappropriate where a party has already invoked its right to a coercive remedy.'" *Marshall v. Hyundai Motor Am.*, 51 F. Supp. 3d 451, 472 (S.D.N.Y. 2014) (quoting *Piven v. Wolf Haldenstein Adler Freeman & Herz L.L.P.*, No. 08–CV–10578, 2010 WL 1257326, at *11 (S.D.N.Y. Mar. 12, 2010); *see also Apple Records, Inc. v. Capitol Records, Inc*., 137 A.D.2d 50, 529 N.Y.S.2d 279, 281 (1988) ("A cause of action for a declaratory judgment is unnecessary and inappropriate when the plaintiff has an adequate, alternative remedy in another form of action, such as breach of contract."). Cable First has sought the same relief through its breach of contract claim against LEC. I therefore hold that Cable First's request for declaratory judgment is dismissed as duplicative of its breach of contract claim.

Unjust enrichment is a "quasi-contractual doctrine that applies only in the absence of a valid and enforceable contract." *In re Chateaugay*, 10 F.3d 944, 958 (2d Cir. 1993). Where the validity and enforceability of a contract is in dispute, unjust enrichment may be plead in the alternative. *See ESI, Inc. v. Coastal Power Prod*. Co., 995 F. Supp. 419, 436 (S.D.N.Y. 1998). LEC does not dispute the existence of the contracts, but it does dispute their enforceability. Therefore, Cable First may plead unjust enrichment in the alternative. *See Labajo v. Best Buy Stores, L.P.*, 478 F. Supp. 2d 523, 531 (S.D.N.Y. 2007). However, Cable First has not sufficiently alleged any facts showing that LEC was enriched or that equity and good conscience require restitution from LEC. *See id.* (*citing Kidz Cloz, Inc. v. Officially for Kids, Inc*., 320 F.Supp.2d 164, 177 (S.D.N.Y.2004)). Therefore, Cable First's claim for unjust enrichment is dismissed.

Finally, Cable First's claim for an injunction is dismissed, as Plaintiff has failed to plead any facts which would establish that they would suffer irreparable harm "if Defendants are allowed to continue their employ with a competitor." Removed Compl. ¶ 45. Accordingly, Counts I and Counts III-VI are hereby dismissed. Cable First is granted leave to refile its claims, consistent with this order, specifying which counts relate to which contracts.

*The Federal Action*

Cable First and Quaranta move to dismiss the Federal Action for lack of subject matter jurisdiction. They argue that this Court should abstain from hearing this case based on the "Colorado River Abstention Doctrine," as there is a parallel state court proceeding that is based on the same contracts, with the same nexus of facts and relief sought. Mot. Dismiss 1-4, ECF No. 8. They also argue that there is no diversity jurisdiction in this case because "[a]ll actual direction, control and coordination of [LEC]'s activities take place in the State of New York."[1] *Id.* at 4. Therefore, its principal place of business in New York. *Id.*

Complete diversity exists as long as all plaintiffs are citizens of different states from all defendants. *See Van Buskirk v. United Group of Companies, Inc.*, 935 F.3d 49 (2d Cir. 2019). 28 U.S.C. § 1332(c) provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." "[I]f either the corporation's place of incorporation or principal place of business destroys diversity, then the courts will not have diversity jurisdiction." *Sty-Lite Co. v. Eminent Sportswear Inc.*, 115 F. Supp. 2d 394, 398 (S.D.N.Y. 2000). "The party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that

---

[1] Defendants' Motion to Dismiss also alleges lack of personal jurisdiction pursuant to Fed. R. Cv. P. 12(b)(3); and failure to state a cause of action pursuant to Fed. R. Cv. P. 12(b)(3). ECF No.8. However, Defendant has not addressed or provided any argument for such motions. As such, they are deemed waived.

diversity is complete." *Advani Enter., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998).

Cable First and Quaranta's argument that LEC's principal place of business is New York is unsupported by the documentary evidence. To the contrary, in its prior filings in the Removed Action, Cable First and Quaranta allege that LEC is registered as a foreign agent in New York and incorporated in Florida with a principal place of business in Virginia. Removed Compl. ¶ 3. LEC, however, alleges that it is a Florida corporation with its principal place of business in Florida, and provided its articles of incorporation as evidentiary support. LEC Mem. Opp., ECF No. 16-1. The articles of incorporation list LEC's principal place of business as Florida. *Id.* Cable First is alleged to be a Virginia corporation with its principal place of business is Virginia, and that Quaranta is a citizen of New Jersey. Because all parties are citizens of different states, I find that complete diversity exists.

I also decline to abstain under the *Colorado River* abstention doctrine, as there is no parallel proceeding in state court. Abstention is "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy property before it." *Colorado River Conservation District v. United States* 424 U.S. 800, at 813 (1976). While Defendant is correct that the claims in this lawsuit are substantially related to those of the Removed Action, the parallel state court proceeding has been removed to this Court, obviating the need for abstention.

However, because of the similar nexus of facts, I find that claims in the Federal case should have been asserted as compulsory counterclaims in the Removed Action. *See* FRCP 13(a) (a compulsory counterclaim is "any claim which. . . .the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim"). I hereby dismiss this case with leave for LEC to file such claims as

counterclaims in the Removed Action, 20-cv-6679. *Dubler v. Gilbert*, 10 F. R. D. 530 (S.D. N.Y. 1950) ("upon such a consolidation the action which should have been pleaded as a counterclaim originally will be treated for all purposes as a counterclaim.").

In sum, plaintiffs may replead their claims in the Removed Action, 20-cv-6679, consistent with this order and consistent with the requirement of Rule 8 (a)(2), Fed. R. Civ. P. of a "short and plain statement of the claim [for breach of contract]", by February 26, 2021. Oral argument, scheduled for January 27, 2021 is cancelled. The Clerk is instructed to dismiss civil case 20-cv-5894, without prejudice and without costs, and all open motions therein. The Clerk is also instructed to dismiss Dmytro Lepetiuk as a party in 20-cv-6679, with prejudice and with costs, taxed by the Clerk. The Clerk shall terminate ECF No. 5.

SO ORDERED.

Dated:  January 27, 2021                        /s/
        New York, New York              ALVIN K. HELLERSTEIN
                                        United States District Judge